December 21, 2022

Patricia S. Connor
Clerk of the Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

**Re: Barfield v. Cunningham, No. 21-6580**
       **Rule 28(j) Citation of Supplemental Authority**

Dear Ms. Connor:

Plaintiff-Appellant respectfully advises the Court of pertinent post-briefing authority. *Pfaller v. Amonette*, ---F.4th---, 2022 WL 17684802 (4th Cir. Dec. 15, 2022), considered a prison doctor's failure to provide the plaintiff with Hepatitis C ("HCV") treatment. This precedent supports the following arguments:

1. HCV is a serious medical need. *See* Op. Br. at 27; Reply Br. at 10-11.[1] *Pfaller* reaffirmed that HCV meets *Farmer*'s objective prong. 2022 WL 17684802, at *6.

2. Qualified immunity is inappropriate for medical providers who deny incarcerated patients HCV treatment. *See* Reply Br. at 27. *Pfaller* rejected an "overly narrow articulation" of the right at issue. 2022 WL 17684802, at *11. The Court affirmed the denial of qualified immunity for Pfaller's treating physician, holding that he "was on notice at all relevant times—late 2015 through 2018—that he could not choose to delay or withhold treatment from Pfaller when he knew it was medically necessary[.]" *Id.* Similarly here, Defendants—particularly Mr. Barfield's treating provider



National Prison Project
915 15th Street, NW
7th floor
Washington, DC 20005
(202) 393-4930
aclu.org

David C. Fathi
*Director*
*Attorney at law\**

*\*Not admitted in DC;
practice limited to
federal courts*

---

[1] Page citations to briefing refer to the page numbers assigned by the ECF system.



Ms. Wilson—were on notice in 2020 that they could not deny him treatment for his serious medical needs.

The *Pfaller* Court granted qualified immunity, however, to the defendant doctor who implemented a treatment prioritization policy because that policy may have been "reasonable" in 2015. *Pfaller*, 2022 WL 17684802, at *12-13. Those facts and rationale are not applicable here—Defendants refused Mr. Barfield treatment in 2020 based on a policy that denied all treatment to all HCV patients. *See* Op. Br. at 17-18; 32-37; Reply Br. at 13-14.

3.      Self-serving affidavits by defendants are insufficient to support summary judgment. *See* Op. Br. at 29; Reply Br. at 11, 13, 16. In *Pfaller*, like here, the defendant medical provider submitted a "self-serving" affidavit. 2022 WL 17684802, at *7. The Court declined to accept the affidavit as fact because, like here, it was undermined by other evidence in the record, and accepting it would require a credibility determination, "which we are not permitted to weigh at the summary-judgment stage." *Id*. at *7-8.

Sincerely,

*/s/ Jennifer A. Wedekind*
Jennifer A. Wedekind

cc: J. Scott Kozacki, Esq. (via ECF)